LOTTINGER, Judge.
This appeal involves six cases which have been consolidated for this hearing. Numbers 83 CA 0325, 449 So.2d 509, 83 CA 0327, 449 So.2d 510, and 83 CA 0328, 449 So.2d 510, are against the Department of State Civil Service. Numbers 83 CA 0324, 449 So.2d 500 and 83 CA 0329, 449 So.2d 510 concern both the Department of State Civil Service and the Department of Natural Resources. Number 83 CA 0326, 449 So.2d 509 concerns only the Department of Natural Resources.
We will first address Docket No. 2901, our number 83 CA 0324. The other cases *501 consolidated in this appeal all stem from that ease with the exception of Docket No. 3406, numbered 83 CA 0326 for this appeal.
For a detailed recitation of the facts see the opinion of the Civil Service Commission attached hereto.
Appellant filed an appeal on July 22, 1981, alleging that she was not paid properly because her past salaries as Administrative Assistant to September 1979, Management Analyst I to September 1980 and Management Analyst II in 1980 were not considered. Appellant alleges that she was not given the benefit of the same rules which were applied to other persons who were transferred into classified positions. Appellant alleges that when her position was changed to that of a classified position, her experience in several unclassified positions was not considered in setting her salary scale. Appellant seeks to have her pay recomputed to the pay level of Management Analyst II.
On August 16, 1982, the Department of Natural Resources filed a Request for Summary Disposition of Docket No. 2901 (83 CA 0324) stating that it did not comply with Civil Service Rule 13.11 in that it was barred by time, and that it failed to state a claim for which relief could be granted against the Department of Natural Resources.
On August 23, 1982 the Department of State Civil Service also filed a Request for Summary Disposition of Docket No. 2901 (83 CA 0324). The basis for the request was that the appeal was not timely, and did not sufficiently allege discrimination.
The State Civil Service Commission held a hearing on all the appeals on September 7, 1982. In its opinion the Commission agreed with counsels for the Department of Natural Resources and Department of State Civil Service stating that in its’ opinion the appeals were barred by Rule 13.11.
This court has scrupulously and painstakingly reviewed the briefs submitted by all of the parties, the opinion of the State Civil Service Commission, and the record in this case. We have come to the conclusion that the Commission’s ruling on the appeals was in fact and theory correct.
Civil Service Rule 13.11 requires all appeals be made in writing and received in the office of Civil Service within 30 days after the date on which appellant received written notice, or within 30 days after the appellant learned that the action complained of occurred when no written notice is required.
The appellant did not satisfy the requirement set forth in Rule 13.11. We agree with the Commission’s ruling that although appellant received the papers stating the position of the State Civil Service Commission, but did not understand what they meant, is simply not persuasive.
For the above and foregoing reasons the ruling of the State Civil Service Commission dismissing this appeal is affirmed at appellant’s costs.
AFFIRMED.

OPINION
DATED: December 3, 1982

FILED: December 3, 1982

IN RE: Appeals of Carol D. Hanks STATE OF LOUISIANA
(Department of Natural Resources CIVIL SERVICE COMMISSION
and Department of State Civil Service) DOCKET NOS. 2901, 3325, 3406, 3418, 3444 and 3445 (CONSOLIDATED)

*502 STATEMENT OP THE APPEAL
Appellant is employed by the Department of Natural Resources as a Natural Resources Project Specialist II serving with permanent status.
On July 22, 1981, counsel on behalf of appellant filed a letter of appeal wherein appellant complains that she is not being paid properly because her salary as Administrative Assistant prior to September 1, 1979, her salary as a Management Analyst I from September 1, 1979, to September 1, 1980, and her salary as a Management Analyst II on September 1, 1980, were not considered. Appellant alleges that she has attempted to rectify the problem to no avail. Appellant complains that she does not have approved SF-l’s for the period 9/1/79 through 8/31/80, that she was not appropriately paid for a promotion to Administrative Assistant, that she was not appropriately paid when she was transferred to the classified service in the Department of Natural Resources, that the SF-1 transferring her to the Department of Natural Resources effective 9/1/79 was incorrect, that she should have been classified and paid as at least a Management Analyst I upon her transfer, that she was improperly placed on emergency appointments, and that she should be considered as qualified for a Management Analyst II. Appellant alleges that when she was transferred to a classified position, the same rules were not applied as for other persons transferred into classified positions and that there is no justification for her having been reduced in pay effective 9/1/79. The crux of the appeal appears to be that when appellant’s position was ordered to be classified, her experience in certain unclassified positions was not deemed qualifying for the classified positions of Management Analysts I and II. As relief, appellant seeks: to be recredited for the leave time she had to take to research her case and write her appeal; to have the SF-l’s effective 9/1/80, 9/1/79,10/11/77, and 6/27/77 voided and corrected; to have her pay recomputed retroactive to 9/1/79 to include adjustments for her promotion to Administrative Secretary and to Management Analyst I; to be reallocated to Management Analyst II retroactive to 9/1/80 and attorney’s fees. This appeal was docketed as No. 2901 against the Department of State Civil Service.
On June 1, 1982, appellant, in proper person, filed another appeal wherein she complains that the Department of State Civil Service violated Civil Service Rule 13.-15 by scheduling for hearing the appeal of Merilyn Ewing (which was filed three months after appellant’s) before scheduling appellant’s appeal for hearing. This appeal was docketed as No. 3325 against the Department of State Civil Service and was consolidated with Docket No. 2901.
By letter dated June 21, 1982, appellant indicated that she intended Docket No. 2901 to be against both the Department of State Civil Service and the Department of Natural Resources. By letter dated June 23, 1982, appellant was advised that the Department of Natural Resources was not made an appellee because the acts complained of were taken by the Department of State Civil Service. By letter dated July 6, 1982, appellant insisted her appeal was also against the Department of Natural Resources. On July 14, 1982, Docket No. 2901 was docketed against the Department of Natural Resources in addition to the Department of State Civil Service.
On July 27, 1982, appellant, in proper person, filed another appeal wherein she complains that the Department of Natural Resources refused to reimburse her tuition for Accounting 2001. Appellant alleges that other employees were reimbursed tuition and alleges that she was discriminated against. Appellant alleges that she was told she would not be reimbursed because the course was not essential to her promotion, but alleges that others for whom the course was not essential were reimbursed. Appellant also alleges that the course was essential to her promotion at the time she enrolled in the course, but that she has attained a different position since enrolling in the course and that the course is also related to her new position. Appellant *503 complains that the Department of Natural Resources has failed to provide an equal opportunity to all employees to participate in educational programs. She also complains that she was discriminatorily denied use of education and annual leave. Appellant alleges that the Department of Natural Resources is retaliating against her for having filed the previous appeal. As relief, appellant seeks reimbursement of her tuition; compensation for any privileges accorded other employees; freedom from reprisal; issuance of a non-discriminatory policy concerning education courses; establishment of an educational training program; public announcement of the courses available and assistance by the Department of State Civil Service in implementing an educational program. This appeal was docketed as No. 3406 against the Department of Natural Resources. It was not consolidated with the two previous appeals.
On August 5, 1982, appellant, in proper person, filed another appeal wherein she complains that she has been denied due process and equal protection of law. She complains that the Department of State Civil Service has violated Civil Service Rule 13.15 on numerous occasions by scheduling 124 appeals (which were filed after appellant’s) for hearing before appellant’s appeal was scheduled for hearing. Appellant also complains that her hearing scheduled for August 3, 1982, was continued at the request of counsel for the Department of Natural Resources, challenges the decision made by the Department of State Civil Service to grant the continuance and alleges that Civil Service Rule 13.17 was violated because Docket No. 2901 was not originally docketed against the Department of Natural Resources. Finally, appellant complains that Docket No. 3406 was not consolidated with Docket Nos. 2901 and 3325. As relief, appellant asks that all of her appeals be heard on September 7, 1982. This appeal was docketed as No. 3418 against the Department of State Civil Service. The appeal was consolidated with Docket Nos. 2901 and 3325, but not with Docket No. 3406.
On August 16, 1982, counsel for the Department of Natural Resources filed a Request for Summary Disposition of Docket No. 2901, urging that the appeal is time-barred, that it fails to comply with Civil Service Rules 13.11(d) and (e) and that it fails to state a claim against the Department of Natural Resources.
On August 23, 1982, counsel for the Department of State Civil Service filed a Request for Summary Disposition of Docket No. 2901 wherein he argues that the appeal fails to comply with Civil Service Rule 13.-11, that the appeal was not timely filed, that the appeal does not sufficiently allege discrimination to be considered an appeal of an allocation and that while appellant challenges the use of emergency appointments in her case, she has suffered no detriment thereby.
On August 23, 1982, counsel for the Department of State Civil Service also filed a Request for Summary Disposition of Docket No. 3325 urging dismissal of the appeal on the ground that it was moot because appellant’s appeal had been scheduled for September 7, 1982. Counsel also explains that Ms. Ewing’s appeal was scheduled first because it could be heard by a referee whereas, appellant’s appeal was docketed against the Department of State Civil Service and therefore could not have been heard by a referee.
On August 26, 1982, appellant, in proper person, filed another appeal wherein she complains that the Department of State Civil Service violated Civil Service Rules 13.13 and 13.15 by failing to promptly docket appeal No. 3406, by failing to promptly notify the Department of Natural Resources of its filing and by scheduling Docket No. 3418 ahead of Docket No. 3406. Appellant challenges the decision of the Director of the Department of State Civil Service not to consolidate Docket No. 3406 with her other appeals. Appellant also alleges that the Department of State Civil Service violated Civil Service Rule 13.14 by allowing counsel for the Department of Natural Resources to file a Request for Summary Disposition of Docket No. 2901 *504 without having proved that he sent a copy thereof to appellant. As relief, appellant seeks an investigation of the procedures for docketing and scheduling appeals for hearing and of filing Requests for Summary Disposition, consolidation of all of her appeals, an order requiring the Director to require counsel for the Department of Natural Resources to furnish appellant with a copy of the Request for Summary Disposition and a declaration that the Request for Summary Disposition is invalid because it was not filed in compliance with Civil Service Rule 13.14. This appeal was docketed as No. 3444 against the Department of State Civil Service. It was consolidated with all appeals previously filed.
On August 30, 1982, appellant, in proper person, filed another appeal wherein she complains that by filing the Requests for Summary Disposition so late, the Department of State Civil Service and the Department of Natural Resources deprived appellant of having had an earlier hearing. Appellant alleges discrimination in that other appeals against which Requests for Summary Disposition were filed were heard earlier. Appellant again complains of the failure to consolidate all of her appeals and complains that the agenda scheduling her appeals for hearing had not yet been posted. As relief, appellant seeks compensation for any harm caused by delaying her hearing and consolidation of all of her appeals. This appeal was docketed as No. 3445 against the Department of State Civil Service and the Department of Natural Resources and was consolidated with all other appeals.
On September 2, 1982, counsel for the Department of Natural Resources filed a-Request for Summary Disposition of Docket No. 3406 on the grounds that appellant failed to state a claim cognizable under Civil Service Rules and that the appeal is time-barred.
On September 3, 1982, appellant filed an Opposition .to the Request for Summary Disposition filed on behalf of the Department of Natural Resources in Docket No. 2901 wherein she argues that the Request for Summary Disposition was not filed in accordance with Civil Service Rule 13.14 and violates Civil Service Rules 14.1 and 1.14.1. Appellant also argues that her appeal does comply with Civil Service Rule 13.11 and was timely filed.
On September 7, 1982, appellant filed an Opposition to the Request for Summary Disposition filed on behalf of the Department of State Civil Service in Docket No. 2901, wherein she argues that the Request for Summary Disposition circumvents the Louisiana Constitution and violates Civil Service Rules 14.1 and 1.14.1. Appellant also argues that her appeal complies with Civil Service Rule 13.11 and that the appeal was timely filed. Appellant further argues that she has alleged a violation of Civil Service Rule 8.10 and is entitled to be heard on that issue and that she has been harmed by the use of emergency appointments.
A public hearing of all of appellant’s appeals was held before the Commission on September 7, 1982, in Baton Rouge. Docket Nos. 2901 and 3325 were limited to a consideration of the issues raised in the Requests for Summary Disposition and the Opposition thereto. The Commission will rule on each docket number in the order that they were received in the Department.
DOCKET NO. 2901
Docket No. 2901 actually included two letters that were received and docketed as the same appeal. The first letter was received from counsel on July 22, 1981. The second letter was a certified letter received also on July 22, 1981, which was prepared by the appellant in proper person, and contained numerous attachments consisting of approximately eighty pages of material.
An examination of both of the appeal letters indicates that all of the actions complained about in the letters of appeal occurred more than thirty days prior to the preparation of the appeal letters. Appellant refers to actions that were taken against her as far back as 1979 and several actions that occurred in September and December, 1980. The attachments to appel *505 lant’s appeal letter all bear dates on their faces that were covered in the same time periods. There is only one exception to this time prescription, and that was a letter from George Hamner, Director of Civil Service, that is dated June 22, 1981, which appellant claims that she received on June 24, 1981. This letter will be addressed individually later in this opinion.
Civil Service Rule 13.12 states: “(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service in Baton Rouge, Louisiana, or, (ii) is addressed to the Director of the State Department of Civil Service in Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office: 1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these rules; or 2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these rules, or if required, was given tardily or not at all.”
In all instances of appellant’s SF-l’s or in the determination and allocation of her job title and pay, or in the case of the emergency appointments, appellant received written papers identifying the actions that were being taken. Appellant was aware of the actions taken more than thirty (30) days prior to the filing of the appeal letters and had therefore failed to timely appeal. Appellant’s arguments that she received the papers, but simply did not really understand what they meant, was not persuasive to this Commission, since appellant is an extremely intelligent lady who has been extremely detailed in her appeal documents and related materials, and gives no hint of having a lack of understanding of the actions taken. The essence of the matter is that appellant simply did not agree with the actions taken, and exhausted many other remedies without filing a Civil Service appeal. When she finally chose to file a Civil Service appeal, her time had prescribed and her appeal is untimely.
The only action taken within thirty (30) days of the date the appeal was filed was by letter dated June 22, 1981, from George Hamner which was in response to appellant’s previous request that the Department of Civil Service evaluate her work experience and qualifications on the basis of her updated application, and grant her credit for qualifying management experience, which she felt she was eligible to receive. This was not a request for relief from an allocation or a reallocation of a position to a class as envisioned in Rule 13.10(d). Even if this could have been a request for relief from an allocation, the Rule requires that the appeal of such a decision indicate in detail that the Director’s decision had been discriminatory; and no such allegations exist in appellant’s appeal letters.
Docket No. 2901 therefore is subject to Summary Disposition based upon the untimeliness of its filing. The Requests for Summary Disposition are granted and Docket No. 2901 is dismissed.
DOCKET NO. 3325
By letter dated June 1, 1982, appellant is complaining that a case for Ms. Merilyn Ewing was filed approximately three (3) months after her July 22, 1981, appeal, but that Ms. Ewing’s appeal had been fixed for hearing in May of 1982, which was prior to the setting for appellant’s appeal. Appellant was asking in light of Civil Service Rule 13.15, that an explanation be given as to why her appeal was not given precedence over Ms. Ewing’s appeal.
On August 23, 1982, counsel for the Department of Civil Service filed a Request for Summary Disposition indicating that the appeal was moot and that appellant did not state a basis for an appeal in the allegations contained in her letter.
Civil Service Rule 13.15 states, “The Director shall fix the time and place for the hearing of appeals by the Commission, and, *506 as far as practicable, shall fix them in the order in which docketed, provided that, for good cause shown, the Commission, its Chairman, or the Director may upset any fixing and may either relegate the case for refixing at the foot of the docket or give it a special assignment as to time and place.”
This Rule obviously makes the setting of the appeals discretionary on the part of the Director, and absent any declaration of any abuse of this discretionary authority, is not an appealable matter. Appellant does not allege any abuse of the Director’s discretion, but simply asks for a reason of the “good cause shown”. There was, in fact, good cause for the difference in the setting of these two appeals which had been explained to the appellant. Ms. Ewing’s case was not a case against the Department of State Civil Service. Appellant’s case was filed against the Department of State Civil Service and could only be set for hearing before the Civil Service Commission, not a referee. Ms. Ewing’s case was set earlier before a referee and was disposed of prior to the hearing of appellant’s case.
The Request for Summary Disposition is good, and this appeal is dismissed.
DOCKET NO. 3406
The appeal received July 27, 1982 and docketed as No. 3406 was heard on the merits and the Commission makes the following findings of fact:
1.In September 1981, the Department of Natural Resources made an arrangement with L.S.U. to teach an Accounting 2001 course at the Department of Natural Resources for the benefit of the employees in the Accounting series and the Mineral Royalty series. The qualifications for these series had either been changed or were in the process of being changed at the time the arrangement was made. It was definite that the Auditor’s series would require twelve hours of classroom experience in Accounting and it was anticipated that six or twelve hours of Accounting would be required for the Accounting series. This course was set up for the convenience of the employees to enhance their ability to achieve the required qualifications for promotion and the Accounting 2001 course was determined to be job related for these series which were engaged in day-to-day Accounting and Financial Statement Reports. The announcement for this course was advertised only for these two series of classes; and at the time the announcement was made, there was no indication that the Department would bear the cost of the tuition. The courses were to be arranged for the benefit of the employees in those series and they were allowed to enroll in them voluntarily if they so desired.
2. Appellant learned about the Accounting 2001 course and applied to her supervisor, Mrs. Janet Smith, for educational leave to take the course. Ms. Smith denied the request for educational leave and indicated to appellant that these courses were set up only for the Accounting and Mineral Royalty Auditor series. Appellant then requested annual leave to take the course. Appellant’s request for annual leave was denied since the job work load did not allow the time off for employees to take a course that was not required. Appellant was fully advised of the intent of this course for the two series of classes aforementioned and did not appeal her denial of leave to take the courses.
3. Appellant rearranged her schedule and did take the Accounting 2001 course. The course concluded in December of 1981.
4. Sometime in the early part of 1982, Mr. Jerry Hill, Undersecretary of the Department of Natural Resources, received funding to pay the tuition for the Accounting 2001 course to the employees who were employed in the Mineral Income Division and the Fiscal Section of the Office of the Secretary. When appellant learned about this, she made a request dated June 23, 1982, asking Mr. Hill to also reimburse her $105.00 for her tuition to take this course. By letter dated July 14, 1982, Mr. Hill denied appellant’s request for reimbursement indicating that the course was not job related to her classification, nor did it assist her in her eligibility for promotion in her series.
*507 5. There was only one other employee in the Department of Natural Resources who had taken the Accounting 2001 course and was reimbursed for the tuition cost. This employee had not been employed in either of the two series previously referred to at the time that the course was taken, but had committed to transfer to the Accounting Department as soon as the course was completed.
The evidence presented indicates to the Commission that there was a sufficient basis for the discretionary decision made by Mr. Hill and that his action was not discriminatory against this appellant. Appellant knew from the outset that this course was arranged for certain job classifications with job related reasons. Although appellant might have argued that the course was related to her previous position, it was not related to the position she held at the time she requested the tuition.
The appeal in Docket No. 3406 is denied.
DOCKET NO. 3418
By letter dated August 5, 1982 which was docketed as Docket No. 3418, appellant complained of having her August 3, 1982, setting continued until September 7, 1982, because the attorney for the Department of Natural Resources had a conflict in another court on August 3, 1982. Appellant complained that the appointing authority should have selected another attorney rather than request a continuance of her appeal. Additionally, appellant complained that she had been notified that her third appeal would not be consolidated with her first two appeals, because the content was not similar to the first two appeals. As relief, appellant requested that all of her appeals be consolidated and that there be no additional delays beyond the September 7, 1982 hearing date.
Since both items of relief sought have been granted, the appeal in Docket No. 3418 is moot. The appeal is therefore dismissed as all relief requested is satisfied by the hearing of all appellant’s appeals on September 7, 1982.
DOCKET NO. 3444
By letter dated August 26, 1982, appellant again complained of the fact that she had learned that several other cases having a lower docket number than hers had been scheduled for hearing prior to her appeals. She therefore, did not feel that the Director of the Department of State Civil Service had complied “as far as practicable” in the setting of her appeals in the order in which they had been docketed. As relief, appellant requested an investigation concerning the Director’s procedure for the docketing and scheduling of Civil Service appeals. Appellant also complained that the Director did not comply with Civil Service Rule 13.-14(b) because he did not require proof of service before filing the Request for Summary Disposition filed on behalf of the Department of Natural Resources. Appellant seeks a requirement by the Commission that the Director follow Civil Service Rule 13.14(b). Finally, since the Request for Summary Disposition had been delivered to her attorney rather than to the appellant, she requested that the Request be declared invalid.
In reverse order, the Commission explained to the appellant that the filing of a Request for Summary Disposition could be done at any time up to and including the time of the hearing, and could be made either in writing or verbally. The fact that the Department of Natural Resources had filed a written Request and certified delivery of it to the original counsel who was enrolled for the appellant (even though appellant had subsequently dismissed her counsel), did not serve to invalidate the Request as presented. Appellant did receive a copy of the Request and was in no way prejudiced by the failure of the appointing authority to originally certify delivery to the appellant. This portion of the appeal is therefore moot.
Although there were no allegations that the Director had abused his discretionary authority in the setting of the docket, nevertheless, the Commission took evidence on this point. Laura Holmes, Chief Referee, had been delegated the authority to *508 select the appeals to be heard each month by the Civil Service Commission. Ms. Holmes went month-by-month down the scheduling of the dockets to explain the procedures used in the setting of the dockets. Ms. Holmes explained that the consolidation of the six appeals was obviously going to be a long hearing. The time for setting this hearing, therefore, had to require the availability of an entire day of the Commission’s time to hear all of the appeals filed by this appellant. Also, since the appeals were directed against the Department of State Civil Service, the appeal had to be heard before the Commission rather than before a referee. Additionally, since there was the possibility of numerous witnesses, the practice of the Department is to set the cases to be heard in the city where the majority of the witnesses are located. In this particular case, it meant setting the docket for these six appeals in Baton Rouge and of course, this necessitated a month when the Commission was meeting in Baton Rouge. Following these guidelines, there were only three months that were possible for the setting of this appeal. The first month was March of 1982, the second was June of 1982, and the third was August of 1982. In the month of March there was a large case docketed against the Department of State Civil Service involving numerous employees of the Department of Natural Resources that was scheduled and for which counsel for the Department of State Civil Service had to spend a great deal of time in preparation. He had asked, reasonably, that two heavy eases requiring hours of preparation not be scheduled for the same hearing date. In June of 1982, counsel for the Department of State Civil Service was not in Baton Rouge during the hearing dates of the Commission. In August of 1982, counsel for the Department of Natural Resources had conflicting schedules for other court appearances. This finally brought the first available meeting date to September 7, 1982, on which the cases were scheduled and heard.
No testimony indicated that any undue delays had been granted or that any unreasonable scheduling procedures had been used, based upon the length of the appeals to be heard and the parties involved. This charge, therefore, is found to be without merit.
Docket No. 3444 is denied and dismissed.
DOCKET NO. 3445
By letter received August 30, 1982, appellant again identified additional appeals that she had filed and asked that they all be consolidated for hearing on the September 7, 1982, hearing date. She also again complained about the delay in scheduling of her appeals and asked that the Commission, “require the Department of Civil Service and the Department of Natural Resources to compensate her for any harm resulting, either directly or indirectly, from those delays imposed upon her concerning her appeals. This compensation for harm should include, but should not be limited to, the occurrence of any physical harm resulting from the unending stress caused by unending delays.”
The appeals were all consolidated and were heard on September 7, 1982. This request is therefore moot.
Appellant, in her appeal letter, gave no particulars of any “harm” which she alleged had resulted from the delays in hearing her appeals. When questioned by the Commission, appellant indicated that there had been no harm either physically or mentally that she could recite to us.
The Commission finds, therefore, that there is no legal basis for this appeal and the appeal is therefore denied and dismissed.
s/ James R. Smith James R. Smith, Chairman
s/ Watson S. Finister, Jr. Watson S. Finister, Jr., Vice-Chairman
s/ A.J. Capritto A.J. Capritto, Member
s/ David D. Duggins David D. Duggins, Member
*509 s/ Edwin C. Harbuck Edwin C. Harbuck, Member
s/ Marshall J. Ryals Marshall J. Ryals, Member
s/ James A. Smith James A. Smith, Member